IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA M. JOHNSON, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:17-cv-01870 |
| JPMORGAN CHASE BANK, N.A. | |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, CHRISTINA M. JOHNSON, by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, JPMORGAN CHASE BANK, N.A., as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq.*, and the Telephone Consumer Protection Act, 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction exists over the Telephone Consumer Protection Act claim(s) under 28 U.S.C. §§ 1331 and 1337.

3. Supplemental jurisdiction exists over the Illinois Consumer Fraud and Deceptive Business Practices Act claim(s) under 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims took place in the Northern District of Illinois.

## PARTIES

5. CHRISTINA M. JOHNSON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at the property commonly known as 5740 Concord Lane, Clarendon Hills, Illinois 60514.

6. JPMORGAN CHASE BANK, N.A. ("Chase") is a foreign corporation formed under the laws of the State of Delaware. Chase has a principal place of business located at 270 Park Avenue, New York, New York 10017.

## FACTUAL ALLEGATIONS

7. On June 25, 2012, Plaintiff executed a mortgage in favor of Chase to secure a promissory note in the amount of $107,921.00.

8. The promissory note was payable in monthly installments of principal and interest in the amount of $538.84 with a maturity date of July 1, 2042.

9. On December 1, 2015, Plaintiff defaulted, and on July 27, 2016, Chase commenced mortgage foreclosure proceedings.

10. Plaintiff is informed and believes that Chase obtained Plaintiff's cellular telephone number of XXX-XXX-9273 from Plaintiff's Uniform Residential Loan Application.

11. At all times relevant, Plaintiff was the sole operator, possessor and subscriber of the cellular telephone number of XXX-XXX-9273.

12. At all times relevant, Plaintiff was personally financially responsible for the cellular telephone equipment and services.

13. On or about October 6, 2016, Chase caused to be placed a call to Plaintiff's cellular telephone to collect or attempt to collect on Plaintiff's obligation to Chase.

14. After a brief pause at the outset of the call, Plaintiff demanded that Chase cease placing calls to her.

15. Notwithstanding Plaintiff's demand that Chase cease placing calls to her, Chase continued to place calls to Plaintiff's cellular telephone.

16. Notwithstanding Plaintiff's revocation of consent to receive calls from Chase, Chase has subsequently placed no less than 15 calls to Plaintiff's cellular telephone

### DAMAGES

17. Chase's acts and omissions have resulted in severe injury to Plaintiff. Specifically, Chase's acts and omissions are the proximate causation of Plaintiff's damages, including, but are not limited to:

    a. Diminished battery capacity;

    b. Diminished data space;

    c. Emotional distress (aggravation, frustration);

    d. Inconvenience;

    e. Increased usage of cellular services;

    f. Increased usage of electricity; and

    g. Invasion of privacy.

### COUNT I
### VIOLATION(S) OF THE TELEPHONE CONSUMER PROTECTION ACT

18. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

19. Plaintiff is informed and believes that all calls placed to Plaintiff's cellular telephone utilized an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1).[1]

20. Plaintiff is informed and believes that all calls placed to Plaintiff's cellular telephone utilized a predictive dialer.[2] [3]

21. Plaintiff is informed and believes that the predictive dialer utilized by Chase dials a list of telephone numbers and connects answered calls to agents – based upon the brief pause at the outset of the call.

22. All calls placed to Plaintiff's cellular telephone were not made for emergency purposes or placed with prior express consent of Plaintiff, as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

23. The foregoing acts and omissions of Chase constitute multiple and numerous violations of the Telephone Consumer Protection Act.

24. As a result of Chase's violations of 47 U.S.C. 227 *et seq*. Plaintiff is entitled to receive $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B). What is more, as a result of Chase's *knowing and willful violations* of 47 U.S.C. 227, Plaintiff is entitled to receive $1,500.00 in treble damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

---

[1] An automatic telephone dialing system means equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such number.

[2] "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

[3] "When evaluating the issue whether equipment is an automatic telephone dialing system, the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.' Accordingly, a system need not actually, store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009).

WHEREFORE, Plaintiff requests the following relief:

a.   find that Chase violated 47 U.S.C. § 227;

b.   award statutory damages of at least $500.00, and treble damages of $1,500.00, for each and every violation; and,

c.   grant any other relief deemed appropriate and equitable.

## COUNT II
**VIOLATION(S) OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

25.   All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

26.   Plaintiff is a "person" as defined by 815 ILCS § 505/1(c).

27.   Plaintiff is a "consumer" as defined by 815 ILCS § 505/1(e).

28.   Chase is engaged in "commerce" as defined by 815 ILCS § 505/1(f).

29.   It was immoral, oppressive, unethical, unfair and unscrupulous – and against public policy – for Chase to cause to be placed no less than 15 calls to Plaintiff's cellular telephone notwithstanding Plaintiff's revocation of consent to receive cellular telephone calls from Chase

30.   Chase's unfair actions violate public policy and shed light on an industry where business decisions are driven by profit, with complete disregard for consumers, where mundane but unusual issues go unheeded – with the consumer suffering the consequences.

31.   As provided above, Chase's unfair acts and omissions resulted in severe injury to Plaintiff.

32.   An award of punitive damages is appropriate as Chase's unfair acts and omissions were outrageous, wanton and willful, and showed a conscious disregard and indifference for the rights of Plaintiff, and consumers generally.

33. Chase's unfair acts and omissions showed a conscious disregard and indifference for the rights of Plaintiff, and consumers generally as:

   a. consumers reasonably anticipate that mortgage servicers will communicate accurately and truthfully regarding their accounts;

   b. consumers reasonably anticipate that mortgage servicers will not use false, deceptive or misleading representations or means regarding their accounts; and

   c. consumers reasonably anticipate that mortgage servicers will make honest efforts to resolve any and all disputes expeditiously and impartially.

WHEREFORE, Plaintiff requests the following relief:

   a. find that Chase's unfair acts and omissions violate the Illinois Consumer Fraud and Deceptive Business Practices Act;

   b. award actual, and punitive damages, and costs of this action including expenses together with attorney's fees as determined by this Court; and

   c. grant any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

March 9, 2017                                                                 Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
SULAIMAN LAW GROUP, LTD.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
+1 630-575-8181
jdavidson@sulaimanlaw.com

*Counsel for Christina M. Johnson*

6